## SEABOLT v SEABOLT

Ohio Appeals, 2nd Dist, Franklin Co

No 2288. Decided April 13, 1933

Miller, Miller & Snider, Columbus, for defendant in error.

Guy V. Fridley, Columbus, for plaintiff in error.

### BY THE COURT

Submitted on motion of defendant in error for the following reasons:

1. That no bill of exceptions from the trial court has been filed or allowed in this case.

2. That the appeal taken herein was not from the final order or judgment.

3. That no motion for a new trial was filed in the trial court by plaintiff in error.

4. That no briefs have been filed in this court by plaintiff in error, as required by the rules of this court.

It is probable that all four grounds of this motion are well taken. However, we would not dismiss these proceedings because of failure to file briefs as this court has heretofore been lenient respecting the rules as to the filing of briefs and will observe this practice for the remainder of this term. However, beginning next term it is the purpose of the court to insist upon observance of the rules.

It is fundamental that the record must exemplify the error upon which complaint is predicated.

So in this case the court must have properly before it some evidence accepted by the trial court, as such, authenticated over his signature and brought onto the record by a bill of exceptions. This does not appear in this record. The transcript of pleadings and journal entries also contains the motion which is the basis for the petition in error which motion is as follows:

"Now comes the defendant, David A. Seabolt, and moves the court to dismiss the action herein, together with restraining orders heretofore issued for the reason that the plaintiff, Myrtle Seabolt is an incompetent and a ward of the Probate Court of Franklin County, Ohio and of the Columbus State Hospital of Columbus, Ohio, as set forth in the affidavit hereto attached."

An affidavit in support of the motion also appears. But evidence in this form cannot be properly brought to the attention of the reviewing court by incorporation in the transcript only.

As there is nothing before the court which tends to support the claim of the plaintiff in error that the defendant in error was an incompetent as set out in the motion we cannot determine that the fact exists. This one question being determinative of the motion and requiring that it be sustained, it is not necessary to consider the second and third branches thereof. Motion sustained.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.